UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>    -against-<br><br>TANISHA SANDS,<br><br>        Defendant. | 24-cv-288 (ALC)<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

There are a few issues the Court would like to address with the parties prior to jury selection.

1) Counsel's Advice to Ms. Sands Regarding her Decision to Forego a Guilty Plea

At the final pre-trial conference, the Court asked defense counsel if he made a recommendation to Ms. Sands regarding her decision to not plead guilty. He said no. Although counsel is not always required to make a specific recommendation as to whether a defendant should plead guilty, counsel is required to provide advice.

"On the one hand, defense counsel must give the client the benefit of counsel's professional advice on this crucial decision of whether to plead guilty…On the other hand, the ultimate decision whether to plead guilty must be made by the defendant. And a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer. Counsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because representation is an art, and there are countless

1

ways to provide effective assistance in any given case. Counsel rendering advice in this critical area may take into account, among other factors, the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the government), whether defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." *Purdy v. United States*, 208 F.3d 41, 44-46 (2d. Cir. 2000)(internal citations and quotations omitted).

In light of this precedent, to make sure the record is complete, the Court intends to inquire, on the record, of both attorneys for Ms. Sands as to whether they have discussed with her the likely disparity in sentencing after a full trial as compared to a guilty plea, the defendant's chances of prevailing at trial, including the strengths and weaknesses of the government's case, and whether the defendant comprehends these and other factors that inform her decision. The Court will similarly ask Ms. Sands whether she understood those conversations. The Court will not ask about the substance of those conversations, simply whether those conversations were held. Neither counsel nor Ms. Sands should volunteer anything regarding the specific content of those conversations. The Court will certainly not ask any questions regarding innocence.

2) Proposed Voir Dire Question About Being the Victim of a Crime

The Court is not certain that the answer to this question will aid the attorneys in exercising peremptory and for cause challenges. Moreover, the question is not limited by type of crime or

2

time frame. The Court is concerned about causing jurors embarrassment, even if discussed at the sidebar, if the answers are nugatory.

3) Proposed Voir Dire Question Regarding a Juror's Age

The general range of a juror's age should be apparent from their appearance and answers to other questions. However, if counsel still believe that a more directed question should be asked, asking the jurors to provide a range—in their 20s, 30s, 40s, 50s, 60, 70s, 80s, etc.—may be less embarrassing to jurors who are trying to appear younger.

4) Proposed Voir Dire Question Regarding Whether a Juror or Friend or Family member has been Incarcerated

This question should be covered by the more general question regarding whether they have been arrested or charged with a crime. If counsel have another view, they should be prepared to discuss it.

**SO ORDERED.**
**Dated: April 13, 2025**
        **New York, New York**

                                                                  **/s/ Andrew L. Carter**
                                                                  **ANDREW L. CARTER, JR.**
                                                                  **United States District Judge**